KLEINFELD, Circuit Judge,
dissenting.
The Bankruptcy Appellate Panel held that the settlement agreement between Cohen and Steinbrecher contemplated the fee-splitting arrangement with Gilbert, which was already in place when Cohen and Steinbrecher signed the settlement agreement. In so doing, the B.A.P. refers to the Bankruptcy Court’s “implicit finding” that Cohen had actual or constructive knowledge of the fee-splitting arrangement, including whether Steinbrecher had complied with California Rule of Professional Conduct 2-200 when he entered into the settlement agreement. The Bankruptcy Court made no actual findings of fact, and did not hold an evidentiary hearing to determine these critical issues of fact.
*194 The parties presented conflicting evidence to the Bankruptcy Court as to what Cohen knew at the time of the settlement agreement. Steinbreeher submitted a declaration that he had discussed the fee-splitting arrangement in detail with Cohen, but Cohen submitted a declaration claiming that he had not been told about it at all and had never even heard of Gilbert’s firm. The Bankruptcy Court dismissed Cohen’s statement because it was “self-serving,” but this is not a justification for dismissing evidence. Had it not been self-serving, i.e., had it not stated that he did know Gilbert and was not told about the fee-splitting, then it would have been irrelevant to the matter at hand. The Bankruptcy Court should have held an evidentiary hearing and made findings of fact when faced with this contradictory evidence. There was no “implicit” finding of fact, and could not have been on this record.
Cohen did not immediately challenge the fee-splitting arrangement when he received his first payment from the settlement of the Borgia case. However, the record indicates that he did file a Motion for Accounting, which was denied, showing that he did not accept the payment without cavil. Cohen further claims that Steinbrecher’s declaration of February 7, 2001, refused to disclose the precise nature of the fee-splitting arrangement and that it was only after a subsequent investigation by the counsel for the debtor that Cohen was able to discern precisely what the arrangement was. Cohen is not estopped from bringing his claim as a result of his initial acceptance of the funds from the first Borgia settlement payment, because he lacked knowledge that would justify an estoppel.
The B.A.P. also relied on the release provisions of the settlement agreement, and found that they barred Cohen from bringing this claim. While the release provisions are written broadly, they expressly reserve Cohen’s right to enforce his rights and obligations as awarded by the settlement agreement himself. The release clause expressly excepts “the express obligations under and the express preservation of rights and claims in this Agreement.”
Cohen’s claim before this panel is that the fee-splitting arrangement between Steinbrecher and Gilbert was illegal, and thus the settlement agreement does not contemplate it when discussing the distribution of “net fees” because of the general rule of statutory construction that contracts are not assumed to contemplate illegal actions if they can be performed lawfully. See West Covina Enterprises, Inc., v. Chalmers, 49 Cal.2d 754, 759, 322 P.2d 13 (1958); Cal. Civ.Code § 1643. In the case at bar, this general rule of construction cannot be overridden without the Bankruptcy Court first making explicit findings of fact as to whether Cohen knew of the fee-splitting arrangements and whether they were made in violation of Cal. R. Prof. Conduct 2-200.[1] This matter is one of interpretation of the settlement agreement itself, and thus may be litigated by Cohen to the extent that he seeks to recover those fees which he believes are rightfully his as a result of the contract. We cannot resolve this conflicting record on appeal without the benefit of findings of fact provided by the court below, and without resolving this conflict we cannot say that the Bankruptcy Court correctly denied Cohen’s Motion for Further Enforcement of the Settlement Agreement. I *195 would remand this case to the Bankruptcy Court for an evidentiary hearing and findings of fact.
In addition, I would reverse the sanctions levied against Cohen, as they were unsupported by any evidence on the record that they were “vexatious” beyond the not-uncommon existence of animosity between the parties. Cohen’s argument in Bankruptcy Court was not found to be frivolous, and indeed Steinbreeher does not even argue that it was. The Bankruptcy Court seems to have relied on the fact that Cohen “profited handsomely” from the actions of Steinbreeher, but it is hard to see how that is sanctionable. Cohen presented substantive arguments to the effect that he was legally entitled to profit more handsomely than he did. The court’s conclusion that the motion was designed to “harass and retaliate against Steinbrecher” is not supported by the court’s finding that the case had a “total lack of foundation.” This is a legal conclusion that does not justify the imposition of sanctions. The bankruptcy court abused its discretion in imposing sanctions against Cohen. I would reverse.
Cohen said, basically, that after years of partnership, Steinbreeher left with the biggest case, hired another lawyer to do much of the work, and agreed to a 50-50 split both with Cohen and with the other lawyer. Steinbreeher says they broke up above board, and this was the deal. Where they part company is that Cohen said Steinbreeher never told him about the 50-50 split with the other lawyer, and that Cohen would get only half of half the fees, instead of half of the whole. Steinbreeher says that he did tell Cohen. Cohen’s position was entirely plausible, because their disagreement involved millions of dollars, they made a written agreement, and it seems odd that Steinbreeher did not make his alleged disclosure in writing. Far from sanctioning Cohen, the bankruptcy court should have held an evidentiary hearing to find out just what Steinbreeher did or did not disclose to Cohen, and whether Cohen agreed to half of a half instead of half of the whole.

. Both the Bankruptcy Court and the B.A.P. assumed without deciding that the payments in question were made in violation of Rule 2-200. We also assume this without deciding it for purposes of this memorandum disposition.